[Civ. No. 10054.   Third Dist.   June 8, 1961.]

JACK N. JENNÉ, Respondent, v. ANNIE MARIE JENNÉ, Appellant.

Jack C. Hamson for Appellant.

Rawles, Nelson & Golden for Respondent.

SCHOTTKY, J.—Annie Marie Jenné has appealed from a judgment in favor of her former husband, Jack N. Jenné, in an action brought by the latter to determine the rights of himself and Annie Marie in certain real property acquired during their marriage.

The parties were married in June 1946, and on January 22, 1953, the plaintiff entered into a contract with the Department of Veterans Affairs of the State of California for the purchase of certain described property located on Norgard Lane, a short distance south of Ukiah, at a price of $6,250, payable in monthly installments of $35. On January 26, 1953, the parties to this action assigned the contract rights to themselves as joint tenants.

In, or prior to, the spring of 1954 marital troubles developed, and on May 28, 1954, according to the testimony of the plaintiff, he had a discussion with his wife in the presence of a Mr. Ruddick concerning a division of the property by which, according to his version, he was to receive the real property and she was to receive the balance, with the right to live on the place and pay rent at $35 per month. Mr. Ruddick heard the conversation but could not recall hearing the defendant promise that this would be done.

On June 4, 1954, the plaintiff went to Reno to get a divorce and employed an attorney who prepared certain documents, among which was a proposed property settlement agreement, and sent them to Mrs. Jenné. She consulted an attorney in Ukiah who redrafted the agreement, and it was then signed by Mrs. Jenné and sent to the plaintiff at Reno, where it was signed by him.

The contract provided that the wife was to have the Chrysler automobile, household equipment, furniture, radio, television, refrigerator and household furnishings in the house, and all personal property in her possession.

Paragraph 3 provided: ''That the husband shall retain all rights to the house and property on Norgard Lane, near Ukiah, California, subject to the rights in the wife to live on said premises, and to have the exclusive posssession thereof until she shall remarry or until her death, whichever event shall first occur. It is promised and agreed on the part of the husband that he will pay, as they accrue, the obligations constituting a lien on said premises, including any taxes heretofore accrued or which may hereafter become a lien against said premises. It is further promised and agreed by the wife that she will pay the sum of $35.00 per month to the husband

during the period that the wife shall enjoy the possession of said premises, as herein provided;''

Paragraph 6 provided that each of the parties would execute and deliver all documents necessary to transfer the interest from one to the other in order that the agreement could be carried into effect and the title to the property transferred as contemplated.

The issue involved upon this appeal is what the parties meant by paragraph 3 which stated that ''the husband shall retain all rights to the house and property on Norgard Lane.'' Appellant contends here, as she contended in the trial court, that the quoted language meant that respondent retained only his joint tenancy rights. Respondent contends, as he contended in the trial court, that it meant all the right in the property, both his and appellant's.

The trial court found in accordance with respondent's contention and concluded that ''The language found in Paragraph 3 of the agreement mentioned in the findings of fact to the effect that 'The husband shall retain all rights to the house and property on Norgard Lane, near Ukiah, California,' means that, pursuant to said agreement, the plaintiff is entitled to become the owner of all of the interest of the plaintiff and the defendant in said real property and does not mean that the plaintiff kept only his interest in said real property and the defendant kept her interest in said real property.''

The trial court stated in its memorandum opinion: ''Where an ambiguity exists in a contract, the rules to be applied in construing it have been prescribed by the legislature. By Sec. 1861 of the Code of Civil Procedure and Sec. 1644 of the Civil Code, 'The terms of a writing are presumed to have been used in their primary and general acceptation . . .' 'Retain' means, in short, 'keep that which one has.' If the possessive pronoun 'his' had been used in the agreement in the place of 'all,' the language would have been in harmony and no uncertainty as to the meaning intended would arise.

'' 'The meaning of a written instrument is not to be determined by isolating one term used by the parties and defining it without reference to other language of the contract' (*Moore* v. *Wood,* 26 Cal.2d 621, 630 [160 P.2d 772]), so we must look to the entire contract to determine its meaning.

''An examination of the contract reveals two provisions which are significant, one by what was omitted and the other by what it contained. Paragraphs I and II itemized the

property of the parties which was to be transferred to the wife. No interest in the real property was there included. By Par. VI each of the parties agreed 'to execute and deliver all necessary documents to transfer the interest of one to the other as hereinabove provided . . .' If it was intended that the husband was to have only his interest in the real estate, no transfer from the wife was required, for his bill of sale, or assignment, of the personal property and a quit claim deed to her of an undivided one-half interest in the real property would have accomplished that result. (*Estate of Harris,* 9 Cal.2d 649, 659 [72 P.2d 873].)

"In the case of *Cox* v. *Hollywood Film Enterprises, Inc.,* 109 Cal.App.2d 320, at page 325 [240 P.2d 713], the Court says: 'Where a covenant is susceptible of two or more constructions, one of which would make the contract unfair and another would make the instrument fair and just, the latter should be adopted.' In considering this rule, it is pertinent to note that the net value of the personal property assigned to the wife was $2,650, and the value of the equity in the real estate was $650 or $700. If the wife were given a half interest in the real estate, she would receive as her share, property of the value of $3,000, while the husband's share would have a value of $350, and, by the agreement, he would be obligated to pay the taxes on the wife's interest in the land."

We believe that the trial court's analysis of the evidence is supported by the record and that the court's conclusion that "plaintiff is entitled to become the owner of all of the interest of the plaintiff and the defendant in said real property" is not only reasonable but is supported by the law.

For the purpose of ascertaining the intention of the parties their agreement must be construed as a whole, so that when read together all of its provisions may be given effect. (Civ. Code, § 1641; *Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751 [128 P.2d 665]; *Ghirardelli* v. *Peninsula Properties Co.,* 16 Cal.2d 494 [107 P.2d 41].)

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied July 7, 1961.